## Watkins v. Sorrento Restaurants.

Dec. 8, 1943.

**116**

Wheeler & Shelbourne for appellant.

L. B. Alexander for appellee.

OPINION OF THE COURT BY VAN SANT, COMMISSIONER —Affirming.

In December of 1937, Rosena W. Bradshaw entered into a written contract with appellee, Sorrento Restaurants, whereby she leased to appellee a building in Paducah for a term of five (5) years, commencing January 1, 1938. Appellee agreed to pay her Two Hundred Twenty-Five Dollars ($225) per month for the first two (2) years of the term, and Two Hundred Fifty Dollars ($250) per month for the last three (3) years of the term. James G. Wheeler acted as her attorney and agent until she sold the property March 12, 1940, to appellant, T. M. Watkins. On the thirtieth day of April, 1940, Mrs. Bradshaw brought suit against the Sorrento Restaurants, seeking to recover the difference between the amount of rent specified in the written contract and Two Hundred Dollars ($200) per month, which was the amount actually paid by the tenant. The action was defended upon the ground that the rent had been reduced to Two Hundred Dollars ($200) per month by a verbal agreement, in consideration of appellee expending large sums of money on the building, thereby enhancing its value. The agreement allegedly was made with Mr. Wheeler, acting as agent for Mrs. Bradshaw. In that action appellee's contention was upheld, and the petition asserting the claim for additional rents was dismissed. Mrs. Bradshaw's motion for an appeal in this Court was denied and the judgment was affirmed, but no written opinion was delivered because the amount in con-

troversy was less than Five Hundred Dollars ($500). Bradshaw v. Sorrento Restaurants, 286 Ky. 854, 150 S. W. (2d) 943. This action was instituted by appellant, Watkins, against appellee, Sorrento Restaurants, seeking to collect the additional rentals from the time he became the owner of the property. The issue is the same, but the amount in controversy in this action is more than Five Hundred Dollars ($500).

Appellee pleaded the judgment in the Bradshaw case as a bar to appellant's right to recover in this action. The plea was sustained and appellant's petition dismissed. A stipulation filed on the day the case was submitted to the lower court, among other things, recites: "It is further stipulated and agreed that James G. Wheeler has acted as agent for the owners of the property mentioned in this action during all of the time sued about in this action and in the action of Rosena W. Bradshaw against Sorrento Restaurants."

It will be seen from the stipulation that appellant's agent, at the time he acquired the property, was familiar with the facts upon which judgment was entered in the former action in favor of appellee. Appellant was familiar with the lease, and took the porperty subject to the lease. Mrs. Bradshaw could assign him no benefit under the contract of lease to which she herself was not entitled. Her rights under the contract have been adjudicated, and, as between appellant and Sorrento Restaurants, that judgment is binding, because appellant is Mrs. Bradshaw's privy to the contract.

The doctrine of res adjudicata is applicable to the facts of the case, and is correctly stated in Stone v. Winn, 165 Ky. 9, 176 S. W. 933, 939, wherein the Court said: "A right, question, or fact distinctly put in issue and directly determined by a court of competent jurisdiction as a ground of recovery cannot be disputed in a subsequent suit between the same parties or their privies; and, even if the second suit is for a different cause of action, the right, question, or fact, once determined, must, as between the same parties or their privies, be taken as conclusively established, so long as the judgment in the first suit remains unmodified." See also Harris v. Harris, 296 Ky. 176 S. W. (2d) 98.

Appellant seeks to avert the consequences of the judgment in the case of Bradshaw v. Sorrento Restaurants, supra, upon the ground that the plea in re-

spect to the Statute of Frauds was not properly presented in that case. We are of the opinion that the plea was properly presented, although, if it had not been, such fact would not be a ground to avoid the conclusiveness of the former judgment.

Since appellee was entitled to a judgment dismissing the petition on its plea of res adjudicata, the other alleged errors were not prejudicial to appellant's substantial rights, and it is unnecessary for us to discuss them.

The judgment is affirmed.